**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| REGINAL LEE DAVIS,<br><br>        Plaintiff,<br><br>        v.<br><br>BETTY LUE JACKSON., et al.,<br><br>        Defendants. | Civil Action No. 24-8473 (KMW) (MJS)<br><br>**MEMORANDUM OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the application to proceed *in forma pauperis* (ECF No. 3-1) and complaint submitted in this civil rights matter by Plaintiff Reginal Lee Davis. (ECF No. 1.) Also before the Court is Petitioner's request for a restraining order, which is not clearly related to the substance of his complaint. (ECF No. 3.) Because this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, Plaintiff's application shall be granted.[1] As Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his purported amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

---

[1] Because Plaintiff claims that he is now being held in Ancora Psychiatric Hospital and is no longer in a county jail, it appears that he may no longer be a "prisoner" for purposes of the IFP statute. *See* 28 U.S.C. § 1915(h). Thus, this Court evaluates his request under the non-prisoner standard and finds that he has adequately shown an inability to pay the filing fees in this matter. It is not abundantly clear why Plaintiff was moved to Ancora. If it becomes apparent, however, that Plaintiff in fact *is* still a prisoner for purposes of the statute at this time, Plaintiff may be required to repay the filing fee in this matter pursuant to § 1915(b).

For the following reasons, Plaintiff's complaint shall be dismissed without prejudice and Plaintiff's request for a restraining order shall be denied as a result.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still

2

"allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Pursuant to Rule 8 of the Rules of Civil Procedure, a complaint seeking to raise a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. P. 8(a)(2). Each allegation in a complaint must therefore be "concise and direct." Fed. R. Civ. P. 8(e)(1). A district Court may dismiss a complaint *sua sponte* for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). A complaint may therefore be dismissed pursuant to Rule 8 where the "'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

Plaintiff is a frequent filer with this Court. His current complaint, like many of his previous complaints, is made up of a number of disjointed words, phrases, assertions, and ideas which appear to be joined only by a series of "hidden" words, several of which are obscene, made up of the first letter of each line of his complaint that similarly fail to set forth any clear claim, basis for relief, or other basis to hold the identified Defendants liable to Plaintiff, but appear to express Plaintiff's anger at unclear persons who may be among the Defendants. Having thoroughly reviewed Plaintiff's complaint, this Court cannot determine what claims Plaintiff intended to bring, or which named Defendant was meant to be subject to Plaintiff's claims. Plaintiff's complaint is thus so "unintelligible that its true substance, if any, is well disguised" and must as a result be dismissed without prejudice for failure to meet the pleading requirements of Rule 8. *Ruther*, 556 F. App'x at 92. Because Plaintiff's complaint will be dismissed for failure to meet the requirements of Rule 8, his request for a restraining order (ECF No. 3) shall in turn be denied without prejudice as Plaintiff cannot show a likelihood of success on the merits at this time. *See Bennington Foods, LLC v. St. Croix Renaissance Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008)

3

(restraining order not appropriate where Plaintiff cannot show a likelihood of success on the merits).

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 3-1) shall be granted, Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE** for failure to meet the requirements of Rule 8, and Plaintiff's request for injunctive relief is **DENIED WITHOUT PREJUDICE**.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge